# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CYNTHIA LANGTRY )
)
    Plaintiff, )
)
v. ) Case No. MC410-025
)
BANK OF AMERICA, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

In *Bank of America v. Cynthia Langtry*, No. 207-SU-CV-221 (Charlton County, GA), Bank of America evidently obtained a judgment against Cynthia Langtry on her credit card debt. Doc. 1 at 5-6. Upset that BOA "sold" the judgment to "Frederick J. Hanna & Associates," Langtry, proceeding pro se, filed with that court an "Affidavit of Acceptance, Agreement and Accord," in which she concluded "that buying unverified and charged off debt for a small fraction of it's [sic] face value, with the expectation of bringing an unsupported suit, falsely

claiming to the court to represent Bank of America, in order to collect from Cynthia Langtry was a deceptive act and fraud upon the court." *Id.* at 11.

Dissatisfied with the way things went in state court, Langtry did what a lot of non-lawyers do: she brought the case to federal court. Doc. 1. She styled her filing here as *Bank of America v. Langtry*, apparently believing that this Court sits in review of state court judgments. Hence, it made sense to her to file not a complaint seeking some sort of relief, but instead a motion in an ongoing state court case, albeit in *federal* court: "Defendant's motion to vacate a void judgment." *Id.*

Thus, Langtry is jumping the track from state court to this Court and now wants this Court, by simple motion, to "void" the state court creditor's judgment against her. That, in turn, requires this Court to self-examine its own jurisdiction under the *Rooker-Feldman* doctrine. *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (explaining the doctrine's origins while reminding that lower federal courts cannot exercise "appellate jurisdiction over final state-court judgments").

First, federal courts do not sit as appellate courts over state courts.

Losers in state court must appeal to the state appellate courts. *See Pompey v. Broward County*, 95 F.3d 1543, 1550 (11th Cir. 1996) ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings."); *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions.").

The wrinkle here, of course, is that there is no state court judgment. And in "*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, [544 U.S. 280] (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held that the doctrine should be confined only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Butler v. Wood*, 2010 WL 2490714 at * 1 (11th Cir. Jun. 17, 2010) (quoting *Exxon*, 544 U.S. at 284).

But here Langtry points to no state court judgment, only an ongoing state court proceeding. Another court, in a case bearing some

parallels to this case, noted that although "the Supreme Court . . . [never] directly addressed the issue, some courts have found the *Rooker-Feldman* doctrine inapplicable unless all state proceedings --including appeals -- have ended before the federal action commences." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, ___ F.Supp.2d ___, 2010 WL 1267886 at * 2 (E.D. N.Y. Mar. 30, 2010) (citing, *inter alia*, *Nicholson*, 558 F.3d at 1275-76). "Under the reasoning of these cases, 'state proceedings' have not 'ended' if appeals are still pending, and, therefore, if, as here, a plaintiff files a federal suit while state court appeals are still pending, the *Rooker-Feldman* doctrine does not bar the federal suit." *Id.* But other courts have "applied *Rooker-Feldman* as long as the federal action seeks review of a previous state court judgment, regardless of whether that judgment is being appealed in the state courts when the federal case begins." *Id.*

This Court is bound by *Nicholson*. There is no evidence of a judgment here, so *Rooker-Feldman* does not apply. Still, the Court must consider abstaining while parallel proceedings are pending in state court. *See Colorado River Water Conservation District v. United States*, 424 U.S.

4

800, 813 (1976). The *Colorado River* doctrine requires federal courts to consider six factors in determining whether abstention in favor of a concurrent state proceeding is appropriate:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998). All of those factors would weigh in favor of abstention in the form of dismissal of this action. The state court was first to exercise jurisdiction over this matter, and there is no indication that either it or the state appellate system is incapable of adequately protecting the rights of all parties.

Furthermore, state law applies to the assignment (thus, the resulting standing to sue on) of a prior lender's debt. *See, e.g., Wirth v. Cach, LLC.*, 300 Ga. App. 488, 490 (2009). And Langtry is blatantly and impermissibly forum shopping. *See Allied Machinery Serv., Inc. v. Caterpillar Inc.*, 841 F. Supp. 406, 410 (S.D. Fla. 1993) (abstaining where, inter alia, the case's "procedural history create[d] the impression

5

that Plaintiff filed its federal action in pursuit of a more sympathetic forum").

Nor can litigants like Langtry consume this Court's time without paying its $350 filing fee or obtain an in forma pauperis waiver under 28 U.S.C. § 1915(a). Understandably buffaloed by the "Motion" appellation that Langtry affixed to her filing, the Clerk filed this matter as a "Miscellaneous" proceeding and charged Langtry only $39 (for "miscellaneous" matters),[1] rather than the $350 required by 28 U.S.C. § 1914(a) for "instituting any civil action. . . ." But Courts deal with what in substance is filed, and not the label litigants may assign to it.

Thus, the Clerk is **DIRECTED** to file Langtry's "motion" as a Complaint in a civil (not a "miscellaneous") proceeding. To that end, the caption above has been amended, and all subsequent filings shall conform. Langtry, meanwhile, is **DIRECTED** to pay the Clerk the remaining $311 filing fee within 14 days of the date this Order is served. Finally, her Complaint should be **DISMISSED WITHOUT**

---

[1] *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule (1) ("For filing or indexing any document not in a case or proceding for which a filing fee has been paid, $39").

**PREJUDICE** on abstention grounds.

**SO REPORTED AND RECOMMENDED** this 12th day of July, 2010.

/s/ _____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA